Baker, Judge, dissenting.
[1] I respectfully dissent because I disagree with the majority's conclusion regarding Dr. Paschall's testimony.
[2] In Linton , this Court squarely held that "the licensure status of a physician who gives an expert opinion is admissible to impeach the doctor's opinion." Id. at 969. Here, the trial court implicitly distinguished this case from Linton by finding that because Dr. Paschall's license was in good standing at the time of trial, his disciplinary history was irrelevant and inadmissible.
[3] I agree with Tunstall that this is a distinction without a difference. Although there is little Indiana caselaw on the issue, I find Sneed v. Stovall , 22 S.W.3d 277 (Tenn. Ct. App. 1999), instructive. In that case, Sneed asserted that the trial court erroneously permitted Stovall to present proof of Sneed's medical expert's past conduct. The Sneed Court disagreed:
Certainly, the truthfulness of the witness will be a matter of grave concern for the jury .... [The expert] was bound by the ethical rules of his profession, and yet engaged in a practice of deception for a number of years even though he knew that his acts could constitute grounds for revocation of his license. His veracity as a witness should surely be questioned by virtue of this conduct.
* * *
In short, the jury must determine whether [the expert's] testimony ... is truthful and in giving weight to his testimony, the jury should have the benefit of evidence concerning his veracity and character.
Id. at 282. Ultimately, the court found that evidence regarding the expert's past disciplinary history-not just his licensure status at the time of trial-was admissible. Id.
*1103 [4] In this case, the Medical Licensing Board found that in the past, Dr. Paschall committed "fraud or material deception in order to obtain a license to practice." Appellant's App. Vol. II p. 43. At the time he examined Manning, he was facing another disciplinary complaint, which ultimately resulted in the indefinite probation of his medical license for a minimum of one year. I agree with Tunstall that she was entitled to ask about the status of his license when she examined Manning, "if not before and after then, and the jury was entitled to hear his answers and use them to evaluate the credibility of his opinions." Appellant's Br. p. 37. Precluding that line of questioning effectively precluded her from attacking his credibility, which is neither in line with Linton , nor, in my opinion, with the principle of fairness. Therefore, I believe the exclusion of this evidence was erroneous.
[5] I part ways with my colleagues' conclusion that, even if the exclusion was erroneous, it was harmless error. Dr. Paschall was the only medical expert presented by Manning, and his testimony squarely and profoundly disagreed with the multitude of experts presented by Tunstall. Even though Tunstall concedes that the specific acts underlying his disciplinary history would not be admissible, the mere fact that the Medical Licensing Board found that he had behaved in fraudulent or deceptive ways in the past would be material to the jury's evaluation of his testimony. That, in turn, would have the potential to affect the ultimate verdict, inasmuch as he was Manning's only medical expert.
[6] I note that the only deposition testimony referred to by the majority was Dr. Paschall's affirmative response to the question of whether his license had ever been on probation, revoked, or suspended. op. p. 1098-99. Tunstall's attorney attempted to ask a series of follow-up questions at the deposition, which Dr. Paschall repeatedly refused to answer. After a series of refusals, Tunstall's attorney concluded the deposition without further pursuing the line of questioning because it would have been futile to continue. Counsel indicated a plan to file a motion to compel the doctor's response to questions regarding his disciplinary history. I believe that the trial court should have granted said motion to compel, meaning that there would have been more testimony regarding his disciplinary history for the jury to have considered.
[7] In sum, I believe that the exclusion of this line of questioning was both erroneous and not harmless. Therefore, I would reverse on this basis and remand for a new trial.